1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                             NORTHERN DISTRICT OF CALIFORNIA

10

11   IN RE POLYESTER STAPLE          )
     ANTITRUST LITIGATION             )
12                                    )      No. C06-80026 MHP MISC (BZ)
                                      )
13                                    )      **ORDER GRANTING MOTION TO**
     This document relates to:        )      **TRANSFER ARTEVA'S MOTION TO**
14   all actions                      )      **COMPEL COMPLIANCE**
                                      )
15   Subpoena in a civil case to      )
     a nonparty:                      )
16                                    )
     GILARDI & CO., LLC               )
17                                    )
                                      )
18

19        By Referral Order dated February 15, 2006, the Honorable

20   Marilyn Hall Patel referred to me for resolution class

21   plaintiffs' and nonparty Gilardi & Co., LLC's ("Gilardi")

22   objections to the subpoena served by defendants Arteva

23   Specialities, S.a.r.l., et al. (collectively "Arteva") on

24   Gilardi.[1]  Since then, the parties tried to resolve this issue

25   and, being unsuccessful, on March 23, 2006, Arteva filed a

26   motion to compel compliance with its subpoena served on

27   ────────────────

28       [1]   At that time, a motion to compel or quash had not yet
     been filed.

                                      1

1   Gilardi [docket # 4].  On April 12, 2006, the same day they

2   filed their opposition to Arteva's motion, the class

3   plaintiffs and Gilardi jointly filed a motion to transfer

4   Arteva's motion to compel for resolution to the Honorable

5   Richard L. Voorhees of the Western District of North Carolina

6   [docket # 9].  They then filed an ex parte application to

7   shorten time [docket # 11] so that the court could hear the

8   motion to transfer contemporaneously with the motion to compel

9   since an order in one motion would affect the other.  While

10  Arteva did not file an opposition to the motion to transfer,

11  they did file an opposition to the ex parte application to

12  shorten time, stating that they believed the application was

13  "a pure dilatory tactic" (Opp. to Ex Parte App. Page 1, lines

14  25-27) since the class plaintiffs and Gilardi chose this

15  district to litigate this issue by filing objections in this

16  court and "Arteva in fact repeatedly suggested to [class

17  plaintiffs and Gilardi] that the dispute over the Subpoena be

18  resolved in the Western District of North Carolina."  (Opp. to

19  Ex Parte App. Page 3, lines 12-14).

20      Having reviewed all the papers filed in these motions, I

21  find that none of the parties contest that Arteva's motion to

22  compel should properly be heard in the Western District of

23  North Carolina.  Not only are the underlying actions

24  proceeding in that district, but Judge Voorhees is also

25  deciding the motion for class certification, for which the

26  Arteva defendants are seeking information pursuant to the

27  subpoena served on Gilardi.  Being most familiar with the

28  complex and convoluted issues in the underlying action, the

1   Western District of North Carolina is more qualified than this

2   court in adjudicating Arteva's motion to compel compliance

3   with the subpoena and the class plaintiffs' and Gilardi's

4   objections to the subpoena, especially since some of the

5   objections center around relevance to the issues in the

6   underlying actions, privileges attached to the settlement

7   entered by Judge Voorhees and interpretation of Judge

8   Voorhees' September 18, 2003 Order.  Any concerns of hardship

9   to Gilardi, a company located in San Rafael, California, by

10  forcing it to pursue this issue in North Carolina, are

11  disposed of by Gilardi's agreement with the transfer of

12  Arteva's motion to compel.

13       I find that there is no need for further briefing or

14  argument.  Therefore, **IT IS HEREBY ORDERED** that class

15  plaintiffs' and Gilardi's ex parte application to shorten time

16  [docket # 11] is **GRANTED**, their motion to transfer [docket #

17  9] is also **GRANTED** and Arteva's motion to compel [docket # 4]

18  and the hearing on Arteva's motion to compel scheduled for May

19  3, 2006 are **VACATED**.

20  Dated:  April 21, 2006

21

22                           _____
                                     Bernard Zimmerman
                             United States Magistrate Judge
23

24  G:\BZALL\-REFS\GILARDI\TRANSFER.ORDER.wpd

25

26

27

28

                                3